2011 JUL -1 P 2:40

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DR. WADE WAGNER, an individual, | |
| Plaintiff, | Case No. 2:11-cv-01067-LDG-GWF |
| v. | **ORDER** |
| CITY OF NORTH LAS VEGAS, a local municipal government agency; COUNCILWOMAN ANITA WOOD, acting in her official capacity; COUNCILMAN ROBERT ELIASON, acting in his official capacity; COUNCILMAN WILLIAM ROBINSON, acting in his official capacity; RICHARD CHERCHIO, in his capacity as candidate for City Councilman; DOES I through X and ROE CORPORATIONS I through X, | |
| Defendants. | |

Plaintiff Dr. Wade Wagner ("Wagner") filed this action in the Eighth Judicial District Court of Nevada on June 21, 2011, claiming multiple state law violations in conjunction with Wagner's participation in the Ward 4 North Las Vegas City Council seat election. Wagner also included an additional, federal claim, based on an alleged due process violation under 42 U.S.C. § 1983. Defendants subsequently removed this case to federal court on the basis of federal question jurisdiction (#1). Wagner has now filed an emergency motion to remand this case to state court (#9).

Wagner argues that remand is necessary because he has filed an Amended Complaint void of any federal claim. Contrary to Wagner's assertions, however, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.

1   1998).  The court may exercise supplemental jurisdiction over Wagner's state law claims even in

2   the absence of his § 1983 claim.  *See Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974) ("[A]

3   federal court does have the power to hear claims that would not be independently removable even

4   after the basis for removal jurisdiction is dropped from the proceedings."); *see also* 28 U.S.C. §

5   1367(a).  Therefore, even though Wagner's federal claim was removed in his Amended

6   Complaint, this court still has supplemental jurisdiction over his state law claims, but has the

7   discretion to remand.  *See* 28 U.S.C. § 1367(c)(3); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487,

8   490 (9th Cir. 1995) ("A plaintiff is entitled to file both state and federal causes of action in state

9   court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or

10  dismiss them with leave of the court. The district court has discretion to grant or deny remand.").

11          When determining the appropriateness of remanding a case to state court, the courts look to

12  four factors: judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v.*

13  *Cohill*, 484 U.S. 343, 350 (1988). In the present case, judicial economy will best be served by a

14  state court adjudicating state claims, especially considering that Wagner is attempting to

15  consolidate his claim with another election-related suit in state court. All parties in the current

16  matter are local to the Nevada state court system, and since only state law issues remain, no issues

17  of fairness or comity will be offended by a remand to state court. The issue before the court is one

18  of significant local importance, and the ultimate decision on the pending matter can have

19  important future implications should a similar situation arise. As such, this action is better suited

20  for adjudication in state court. Further, Wagner filed his Amended Complaint on June 29, 2011 –

21  seven days after his Complaint was filed – and removed the § 1983 claim. Because Wagner's

22  federal law claim has dropped out of the lawsuit in its early stages and only state law claims

23  remain, and in light of the aforementioned factors and the concurrently pending election-related

24  suit in state court, this court will decline the exercise of jurisdiction and remand to the state court

25  for further action. Accordingly,

26

2

1    THE HEREBY COURT ORDERS that Wagner's motion to remand (#9) is granted.

2

3    DATED this _1st_ day of July, 2011.

4

5

6                                              _____
                                               Lloyd D. George
7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                         3